Supreme Court—Wilensky v. Georgia Casualty Co.

DAVID WILENSKY, PLAINTIFF-RESPONDENT, v. GEORGIA
CASUALTY COMPANY, DEFENDANT-APPELLANT.

Submitted October term, 1925—Decided January 28, 1926.

Insurance—Liability—Insured Did Not Notify Insurer of Recovery of a Judgment Against Him for Which the Insurer was Liable Within Time Provided in Policy for Such Notice—Judgment for Plaintiff Reversed.

On appeal.

Before Justices PARKER, MINTURN and BLACK.

For the appellant, *Frank G. Turner.*

For the respondent, *George Wenger.*

PER CURIAM.

This is an appeal from a judgment rendered in the Paterson District Court for $108.60, on July 14th, 1925.

The suit was brought under a policy of accident insurance dated November 17th, 1921, covering the period from November 17th, 1921, to November 17th, 1922, insuring the plaintiff for claims for damages for bodily injury sustained by accident.

The plaintiff claims that Michael Foster, on November 14th, 1922, was injured while riding in his automobile. Michael Foster obtained a judgment against the plaintiff on October 2d, 1924, for $5,000. Plaintiff paid Michael Foster, on December 15th, 1924, the sum of $100 on account of the judgment. This is the sum sued for in this suit. Michael Foster obtained judgment against the plaintiff on October 2d, 1924, but the present suit was not commenced until March 6th, 1925—that is, about one hundred and fifty-four days elapsed between the judgment obtained against the plaintiff by Michael Foster and the time in which the plaintiff brought suit against the insurance company.

The policy of insurance provides (Case, p. 68) that suit must be started against the insurance company within ninety days from the date of such judgment.

For this reason we think the judgment of the Paterson District Court must be reversed, and such will be the order of the court.